[Civ. No. 11433.   First Appellate District, Division Two.—October 11, 1940.]

MEDA PRESTON, Appellant, v. SUTRO BATHS (a Corporation), Respondent.

Joseph A. Brown and A. E. Cross for Appellant.

Bronson, Bronson & McKinnon for Respondent.

STURTEVANT, J.—The defendant operates a public bath house in San Francisco.   It has two or more tanks for swimmers.   On May 20, 1937, the plaintiff and other members of her family went to the baths for a swim.   While in one of the tanks the plaintiff fell and severely injured herself. Later she commenced this action to recover damages for the injuries sustained.   The trial court made findings in favor of the defendant.   From the judgment based on those findings the plaintiff has appealed.

The tank in which the accident occurred is rectangular. In one part the water is maintained at a depth of about three

feet. A gallery runs along that side of the room at an elevation of six feet or more above the bottom of the tank. The gallery is supported by substantial posts which stand on the bottom of the tank. To one of those posts an iron pipe is attached extending four or five feet horizontally out over the water. The outer end of the iron pipe is connected by an elbow with another piece of pipe which stands upright resting on the bottom of the tank. An iron oil barrel is so installed that the horizontal pipe extends through both ends of the barrel and the latter revolves freely around the pipe. The barrel when in place is partly submerged in the water. From each end of the barrel to each support above mentioned, about two feet of the horizontal pipe is exposed. Each of the foregoing measurements we have estimated by an examination of the photographs contained in the record and comparing the physical objects one with another. The barrel, according to the evidence, is intended as a roller on which the swimmer can rest on his stomach and turn over into the water.

The plaintiff saw one of the swimmers climb upon the end of the pipe adjacent to the gallery-support and step out onto the barrel straddling it. Later she induced one of her party to hold the barrel steady and she planned to straddle the barrel, grasp it with her legs and arms and in that manner her companion was to roll the barrel while she clung to it. To carry out the plan the plaintiff stepped up on the exposed end of the pipe adjacent to the gallery while holding onto the gallery post. She attempted to let go of the post and step out and grab ahold of the barrel. As she did so her foot slipped on the pipe, she fell astride of it, and suffered the injuries complained of.

The plaintiff claims that under the facts the judgment should have been in her favor, but she wholly ignores the pleadings and the findings. She alleged in her complaint, ''that each and all of the defendants herein knew that the said pipe about which the said barrel revolved was dangerous and slippery when wet, but nevertheless kept and maintained and permitted to be used said pipe and barrel with the knowledge of its dangerous condition and while knowing that it was dangerous to use the said barrel, all of which facts were known to defendants and were all unknown to plaintiffs herein''. That charge was denied by the defendant. The court found the plaintiff's allegation was not true. There

was evidence to the effect that the plaintiff knew the pipe was wet and there was evidence all of the dangers were obvious and there was not a particle of evidence of any concealed or latent defect. It follows that the plaintiff proved no negligence on the part of the defendant.

In its answer the defendant alleged, "that plaintiff Meda Preston was careless and negligent in and about the matters alleged in said complaint and that said carelessness and negligence on the part of said plaintiff proximately contributed to the happening of the accident and to the injuries, loss, and damage complained of by plaintiff, if any there were". The court found said allegations were true. Said finding was supported by the evidence. Such facts show a second and complete defense.

Something is said in the briefs about "how to construct" such a piece of apparatus as the revolving barrel, about instruction in the use thereof, and about warnings. In reply it is sufficient to state that neither the pleadings nor proof presented such questions.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.